UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

PAMELA HARLEY,

                Plaintiff,

-against-

AMERICAN HOME MORTGAGE;
MERS: MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC.; PUBLIC
ABSTRACT CORPORATION,

                Defendants.
------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-371 (CBA)

**AMON**, United States District Judge:

Plaintiff Pamela Harley brings this action alleging *inter alia* violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.[1] The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), and for the reasons discussed below, grants plaintiff 30 days leave to file an amended complaint.

## STANDARD OF REVIEW

As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the Court is obliged to liberally construe the complaint and interpret the pleadings so as to raise the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nonetheless, the Court shall dismiss a complaint "at any time" if it determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a

---

[1] This case was transferred to this Court from the United States District Court for the Southern District of New York (SDNY) by Order dated January 13, 2010.

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If, however, a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

## DISCUSSION

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). This rule "does not require 'detailed factual allegations,' " id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Id. (quoting Twombly, 550 U.S. at 555); see also Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir.2006). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 555 U.S. at 557). Although it is unclear from the face of plaintiff's complaint, it appears that plaintiff was a litigant in a foreclosure action in Queens County Supreme Court and that "Bank fraud [h]ad occurred." Compl. at 3. However, despite a liberal review of the Complaint, the Court cannot determine how defendants allegedly violated the FDCPA because plaintiff does not supply coherent facts to support her claim. Because plaintiffs' complaint fails to provide fair notice to the defendant of the nature of the claims alleged, the Court cannot permit plaintiffs' claims to proceed as currently stated.

## CONCLUSION

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is

given 30 days leave to file an amended complaint alleging how defendants violated the Fair Debt Collections Practices Act. Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that her amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, she must set forth the legal basis and factual allegations to support her claim against all named defendants, the dates of all relevant events and the relief she is seeking. Plaintiff is further directed to state the current status of her state court action.

The amended complaint must be captioned as an "Amended Complaint," name all defendants in the caption, and bear the same docket number as this Order. No summonses shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend her complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915 (e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
April 28, 2010